# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 20-21473-CV-SCOLA
## MAGISTRATE JUDGE REID

STEVE COOPER,
Plaintiff,

v.

GLADES DETENTION CENTER,
et al.,

Defendant(s).

_____/

## **Report & Recommendation for Transfer of Venue**

Plaintiff, Steve Cooper, a prisoner confined at the Glades County Detention Center has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 in this court. [ECF No. 1]. The allegations and supporting documentation indicate that the events complained of occurred while the Plaintiff was confined at Glades County Detention Center which is situated within the judicial district of the Middle District of Florida. *See* 28 U.S.C. § 89(a).

This cause has been referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive motions. *See* 28 U.S.C. § 636(b)(1) and S.D. Fla. Admin. Order 2019-2.

It appears from a review of the complaint that the Southern District of Florida is not the proper venue. Venue for 42 U.S.C. § 1983 actions is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in--
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Based on § 1391(b)(2), the proper venue for this case is the Middle District of Florida because the majority of the events that give rise to the claim occurred there. As a result, under 28 U.S.C. § 1406(a), this court must either dismiss the case or, if it is in the interest of justice, may transfer the case to the proper district court. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

Transfer, rather than dismissal, is preferred in order to advance "an expeditious and orderly adjudication of cases and controversies." *Id. See generally*

*Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 710 (1972) (observing generally that "venue provisions are designed, not to keep suits out of the federal courts, but merely to allocate suits to the most appropriate or convenient federal forum"). In *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465-67 (1962), the Supreme Court explained that Congress enacted § 1406(a) to "avoid[ ] the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn." *Id.* at 466.

Other considerations relevant to the interest-of-justice inquiry include a balancing of the prejudices and whether the plaintiff filed in the wrong venue in good faith. *See Cruz–Aguilera v. I.N.S.*, 245 F. 3d 1070, 1074 (9th Cir. 2001) ("When determining whether transfer is in the interest of justice, courts have considered whether the failure to transfer would prejudice the litigant, whether the litigant filed the original action in good faith, and other equitable factors.").

As another district court in this circuit has reasoned with respect to transfers, "[w]hen venue would be proper in another district under § 1391, transfer is preferred over dismissal unless there is evidence that a case was brought in an improper venue in bad faith or in an effort to harass a defendant." *Palmer v. Dau*, Case No. 6:10cv248, 2010 WL 2740075, at *2 (M.D. Fla. Jul. 12, 2010).

Here, it appears that transfer to the Middle District of Florida would be appropriate. The Plaintiff, Defendants, and the relevant records in the instant lawsuit are presumably situated in that judicial district and Plaintiff has simply filed the case in the wrong venue. Based on the foregoing, the undersigned recommends that this court transfer this cause to the United States District Court for the Middle District of Florida.

Objections to this report may be filed with the District Court Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the District Court Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Signed this 27th day of April, 2020

_____
UNITED STATES MAGISTRATE JUDGE

cc:
Steve Cooper
063984093
Glades County Detention Center
Inmate Mail/Parcels
P.O. Box 39
Moore Haven, FL 33471
PRO SE

4